**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X   **Case No.**:
TOTIANA NGUYEN,

                                  Plaintiff,    **COMPLAINT**

        -against-

GREAT GREEN CLEANING MACHINE, INC. (d/b/a    **PLAINTIFF DEMANDS**
GREAT GREEN CLEANING), and    **A TRIAL BY JURY**
CINDY LEBOW, Individually,

                                Defendants.
------------------------------------------------------------------X

       Plaintiff, TOTIANA NGUYEN, by and through her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendants as follows:

### NATURE OF THE CASE

1. Plaintiff also brings this action alleging that Defendants have violated the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq. ("ADA"), and the New York State Human Rights Law, New York State Executive Law §§ 296, et seq. ("NYSHRL"); and seeks damages to redress the injuries she suffered as a result of being **discriminated and retaliated** against on the basis of her **disability (asthma)**.

1. Plaintiff also brings this action for unpaid wages in violation of the New York Labor Law, N.Y. Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL") and **unlawful retaliatory termination** for opposition to unlawful employment practices. Defendants' actions were unlawful and Plaintiff seeks monetary, compensatory and punitive damages, liquidated damages, interest, and reasonable attorneys' fees and costs.

### JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES

2. Jurisdiction of this Court is proper under 42 U.S.C. §§ 12101, et seq.; and 28 U.S.C. §§ 1331 and 1343.

1

3. The Court has supplemental jurisdiction over the claims Plaintiff has brought under state and city laws pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. 1391(b), as the acts complained of occurred within the Eastern District of New York.

5. By: (a) timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about December 4, 2020; (b) receiving a Notice of Right to Sue from the EEOC on or about January 28, 2021; (c) commencing this action within 90 days of the issuance of the Notice of Right to Sue by the EEOC; and (d) contemporaneously with the filing of this Complaint, having mailed copies of the Complaint to the New York City Commission of Human Rights ("NYCCHR") and the Office of the Corporation Counsel of the City of New York pursuant to the notice requirements of Section 8-502 of the New York City Administrative Code, Plaintiff has satisfied all of the procedural prerequisites for the commencement of the instant action. A copy of the Notice of Right to Sue is annexed hereto as Exhibit A; a copy of the transmittal letter to the NYCCHR, *et ano.*, is annexed hereto as Exhibit B.

## PARTIES

6. That at all times relevant hereto, Plaintiff TOTIANA NGUYEN ("Plaintiff") is female and a resident of the State of New York.

7. That at all times relevant hereto, Defendant GREAT GREEN CLEANING MACHINE, INC. (d/b/a GREAT GREEN CLEANING) ("GGC") was and is a domestic business corporation duly existing pursuant to, and by virtue of, the laws of the State of New York.

8. Defendant GGC operates and/or operates a cleaning service with an office located at 264 1st Street, Brooklyn, New York 11215.

9. Upon information and belief, Defendant GGC employs at least fifteen or more employees.

2

10. That at all times relevant hereto, Plaintiff was an employee of Defendant GGC.

11. Defendant, CINDY LEBOW ("LEBOW"), possesses operational control over Defendant GGC, possesses an ownership interest in Defendant GGC, and controls significant functions of Defendant GGC

12. In addition, Defendant LEBOW had the authority to hire, fire, or affect the terms and conditions of Plaintiff's employment, or to otherwise influence the decisionmaker of the same.

13. That at all times relevant hereto, Plaintiff has been an employee of Defendant LEBOW for purposes of relevant statutes.

14. Defendants, GGC and LEBOW, are collectively referred to herein as "Defendants."

## MATERIAL FACTS

15. On or about October 27 2017, Plaintiff began working as a "General Manager" at Defendants' cleaning business.

16. As General Manager, Plaintiff was responsible for managing employees as well as, when required, filling in for positions in sales, the front desk, and cleaning duties.

17. At all times relevant, Plaintiff was qualified to do her job and excelled in her position.

18. On or around March 20, 2020, Defendants decided they would close the office due to Covid-19 and begin working remotely. Nevertheless, Defendants requested that Plaintiff continue to work in-person at the business.

19. Soon thereafter in late March, Plaintiff informed Defendant LEBOW that she required a working from home accommodation due to her ongoing asthma, which presented special health-risks from contracting Covid-19.

20. Although Defendant LEBOW initially allowed Plaintiff to work from home, Defendant LEBOW required Plaintiff to work in the office again following her complaints concerning nonpayment of wages to her and other staff.

21. On or about late March 2020, Defendant LEBOW informed Plaintiff and other staff that were expected to work without pay.

22. In approximately early April, Plaintiff complained to Defendant LEBOW that expecting her and the staff to work without pay was improper and potentially illegal.

23. On or about late April, Plaintiff made a formal complaint to Defendant LEBOW concerning her and fellow staff's unpaid wages.

24. In retaliation, on May 9, 2020, Defendants terminated Plaintiff's employment.

25. On May 10, 2020, Plaintiff emailed Defendant LEBOW protesting her termination and noting that her termination followed her complaints about the failure to pay her and her colleagues wages, as well as her requests to accommodate her asthma by permitting her to work from home.

26. After Plaintiff complained about her discriminatory firing, Defendants offered to re-hire Plaintiff but demoted her to a telemarking position that would last from May 19, 2020 through August 7th, 2020.

27. On or about May 11, 2020, Plaintiff reiterated to Defendant LEBOW that because of her asthma she was at higher risk of complications due to coronavirus infection and she should receive accommodations to work remotely.

28. Defendant did not make any attempt to engage in any kind of interactive dialogue concerning her request.

29. On May 19, 2020, in retaliation for her complaints, Defendants terminated Plaintiff's substitute employment.

30. Plaintiff realized that Defendants would not attempt to accommodate Plaintiff's disabilities, perceived her disabilities as an inconvenience, and had effectively terminated her so they would not have to provide her with any further reasonable accommodations.

31. Defendants failed to engage in the interactive process and cooperative dialogue.

32. Defendants terminated Plaintiff because of her actual and/or perceived disabilities (asthma).

33. Defendants terminated Plaintiff because she requested and/or needed a reasonable accommodation.

34. Defendants terminated Plaintiff so they would not have to grant her any accommodations on the basis of her disabilities.

35. As a result of Defendants' actions, Plaintiff felt and continues to feel extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

36. As a result of Defendants' discriminatory and intolerable treatment of Plaintiff, she suffered and continues to suffer severe emotional distress and physical ailments.

37. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

38. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts.

39. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against the Defendants.

40. Plaintiff regularly handled goods in interstate commerce, such as cleaning products produced outside the State of New York.

41. Defendants did not provide Plaintiff an accurate statement of wages, as required by NYLL 195(3).

42. Defendants did not give any notice to Plaintiff of her rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).

### AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

43. Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

44. Plaintiff claims Defendant GGG violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336), as amended, as these titles appear in volume 42 of the United States Code, beginning at Section 12101.

45. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112 "Discrimination" states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

46. Defendant GGG engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her disabilities, whether actual and/or perceived.

### AS A SECOND CAUSE OF ACTION FOR RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT

47. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

48. The ADA prohibits retaliation, interference, coercion, or intimidation.

49. Section 12203 of the ADA provides:

> a) Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.
>
> b) Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or his having exercised or enjoyed, or on account of his or his having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

50. Defendant GGG violated this section as set forth herein.

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK STATE EXECUTIVE LAW

51. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

52. The New York State Executive Law § 296(1)(a) provides that,

> It shall be an unlawful discriminatory practice: For an employer … because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, **disability**, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of

7

employment.

53. Defendants engaged in an unlawful discriminatory practice in violation of the New York State Executive Law § 296(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of her disabilities, whether actual and/or perceived.

## AS A FOURTH CAUSE OF ACTION FOR RETALIATION
## UNDER THE NEW YORK STATE EXECUTIVE LAW

54. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

55. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because she has opposed any practices forbidden under this article."

56. Defendant violated this section as set forth herein.

## AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

57. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

58. The Administrative Code of the City of New York §8-107 (1) provides:

> "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived … disability… of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

8

59. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff on the basis of her actual and/or perceived disability, together with failure to engage in the cooperative dialogue, failure to provide a reasonable accommodation, and unlawful termination.

### AS A SIXTH CAUSE OF ACTION FOR RETALIATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

60. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraph of this Complaint as if more fully set forth herein at length.

61. New York City Administrative Code Title 8-107(7) provides that:

> "It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter …"

62. Defendants engaged in an unlawful and retaliatory practice by retaliating, and otherwise discriminating against the Plaintiff because she opposed Defendants' unlawful employment actions and because she requested and/or needed a reasonable accommodation.

### AS A SEVENTH CAUSE OF ACTION FOR FAILURE TO PROVIDE A REASONABLE ACCOMMODATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

63. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

64. The Administrative Code of the City of New York §8-107(15)(a) provides:

9

> "[A]ny person prohibited by the provisions of this section from discriminating on the basis of disability shall make reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job or enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity."

65. Defendants engaged in an unlawful discriminatory practice in violation of the New York City Administrative Code §8-107(15)(a) by failing to provide Plaintiff with a reasonable accommodation, and by failing to engage in the cooperative dialogue.

## AS A EIGHTH CAUSE OF ACTION
## FOR VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE NYLL

66. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this complaint.

67. Defendants paid Plaintiff less than the minimum wage, in violation of NYLL § 652(1) and supporting regulations.

68. Defendants' failure to pay Plaintiff at the applicable minimum hourly rate was willful within the meaning of NYLL § 663.

69. Plaintiff has been damaged in an amount to be determined at trial.

70. Plaintiff has been damaged in an amount to be determined at trial.

## AS A NINTH CAUSE OF ACTION FOR VIOLATIONS OF
## NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NYLL

71. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this complaint.

72. Defendants failed to provide Plaintiff with a written notice, in English (Plaintiff's primary language), of her rate of pay, regular payday, and such other information as required by NYLL §195(1).

73. Plaintiff has been damaged in an amount to be determined at trial.

## AS A TENTH CAUSE OF ACTION
## FOR VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NYLL

74. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this complaint.

75. Defendants have not provided Plaintiff with wage statements upon each payment of wages, as required by NYLL 195(3).

76. Plaintiff has been damaged in an amount to be determined at trial.

## AS AN ELEVENTH CAUSE OF ACTION
## ILLEGAL RETALIATION UNDER THE NYLL

77. Plaintiff repeats, reiterates, and realleges all paragraphs above as though fully set forth herein.

78. Plaintiff complained to Defendants about violations of the NYLL, specifically the failure to pay overtime premiums.

79. As a result of these complaints, Defendants terminated Plaintiff.

80. Defendants' action was motivated by Plaintiff's complaint about the failure to receive overtime wages.

81. Defendants' conduct constitutes unlawful retaliation in violation of, inter alia, NYLL § 215.

82. Defendant's actions were willful.

83. Defendants are liable to Plaintiff for back pay, compensatory damages, liquidated damages, punitive damages, and attorneys' fees and costs, all in an amount to be determined at trial.

**JURY DEMAND**

84. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the <u>New York City Human Rights Law</u>, New York City Administrative Code §§ 8-107, *et seq*.; in that Defendants discriminated, and retaliated against Plaintiff on the basis of her disability, whether actual and/or perceived;

B. Awarding Plaintiff compensatory damages for mental, and emotional injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

C. Awarding Plaintiff punitive damages;

D. Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

E. Awarding Plaintiff damages for the amount of unpaid compensation, liquidated damages and for any improper deductions or credits taken against wages as applicable;

F. Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

G. Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

H. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

I. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
April 28, 2021

                                         **PHILLIPS & ASSOCIATES,**
                                         **Attorneys at Law, PLLC**

By: _/s/ Shawn Clark_____
Shawn R. Clark, Esq.
*Attorneys for Plaintiff*
45 Broadway, Suite 430
New York, New York 10006
T: (212) 248-7431
F: (212) 901 - 2107
sclark@tpglaws.com

13